1

2

3

4

5

6

7

8                              IN THE UNITED STATES DISTRICT COURT

9                          FOR THE NORTHERN DISTRICT OF CALIFORNIA

10

11   WENDELL S. ELAM,                              No. C06-06747 MJJ

12              Plaintiff,                         **ORDER GRANTING DEFENDANT'S
                                                   MOTION TO DISMISS**
13      v.

14   NATIONAL LABOR RELATIONS BOARD
     REGION #32,
15
                Defendant.
16   _____/

17                                    **INTRODUCTION**

18          Before the Court is Defendant National Labor Relations Board's ("Defendant" or "the

19   Board") Motion to Dismiss under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).[1] *Pro se*

20   Plaintiff Wendell S. Elam failed to file a timely opposition to the motion.  On March 2, 2007, this

21   Court issued an Order to Show Cause why Plaintiff had failed to file an opposition or a statement of

22   non-opposition, and further ordered Plaintiff to file his opposition, if any, by March 12, 2007.  On

23   March 14, 2007, Plaintiff filed an untimely opposition to Defendant's motion, but failed to otherwise

24   respond the Court's Order to Show Cause.  In Plaintiff's opposition he requests leave to amend.  For

25   the following reasons, the Court **GRANTS** Defendant's Motion to Dismiss, **DENIES** Plaintiff's

26   Motion for Leave to Amend, and **VACATES** the hearing set for March 27, 2007.

27

28

_____

[1]Docket No. 6.

**United States District Court**
For the Northern District of California

United States District Court

For the Northern District of California

**FACTUAL AND PROCEDURAL BACKGROUND**

The current action arises from Plaintiff's May 19, 2003 filing of an unfair labor practice charge, NLRB Case No. 32-CB-5619-1, with the Board's Region 32 Office in Oakland, California. (Declaration of Denise F. Meiners ("Meiners' Decl.") ¶ 3, Ex. A.) Plaintiff's charge alleged that the Office & Professional Employees International Union, Local 29 ("the Union") violated Section 8(b)(1)(A) of the National Labor Relations Act ("NLRA"), 29 U.S.C. § 158(b)(1)(A), because the Union "failed in its duty to fairly represent Wendell Elam by requesting that the Employer [Kaiser Permanente Health Plan] discipline him for various reasons." (*Id.*)

By letter dated July 31, 2003, the Board's Regional Director for Region 32, on behalf of the General Counsel, notified Plaintiff that, after carefully investigating the charge, the Regional Director decided that further proceedings on this charge were unwarranted, and that he was refusing to issue a complaint in the matter. (*Id*. at ¶ 4, Ex. B.) The Regional Director further advised Plaintiff that he had the right to obtain review of the decision by filing an appeal with the General Counsel of the Board in Washington, D.C. (*Id*.) Plaintiff did not file an appeal of the Regional Director's decision.

Instead, on October 30, 2006, Plaintiff filed a Petition for Review in this Court seeking "review of the Order of the Board's letter of determination refusing to issue a formal complaint regarding NLRB # 32-CB-5619-1, dated July 31, 2003." (Petition ("Pet.") at p. 1.)[2] Plaintiff's Petition contained a Ninth Circuit Court of Appeals caption.

On January 18, 2007, Plaintiff filed, in the Ninth Circuit Court of Appeals, a "Motion to Consolidate Claims and For Leave to Use the Original Record" in his appeal of a related district court case. (*Wendell S. Elam v. Kaiser Foundation Health Plan, Inc. and OPEIU Local 29*, Case No. 06-17097, District Court Case No. 05-4179-BZ.) In his motion filed in that case, Plaintiff conceded that "the district court lacks jurisdiction to hear the petition for review." (Plaintiff's Motion to Consolidate, p. 4, Board Ex. 2.) Plaintiff also sent a letter to this Court, dated January 19, 2007, indicating that his intention was to file the instant Petition for Review in the court of appeals

---

[2]The Board contends that Plaintiff has never effected proper service of the Petition, however the Board does not seek dismissal on this ground.

pursuant to 29 U.S.C. § 160(f).  (Board Ex. 3.)  Despite Plaintiff's representations, he nevertheless elected to file an untimely opposition to the Board's pending motion to dismiss.

### LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(1) authorizes a party to move to dismiss a claim for lack of subject matter jurisdiction.  Federal courts are courts of limited jurisdiction; thus, the court presumes lack of jurisdiction, and the party seeks to invoke the court's jurisdiction bears the burden of proving that subject matter jurisdiction exists.  *See Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994).  A party challenging the court's jurisdiction under Rule 12(b)(1) may do so by raising either a facial attack or a factual attack.  *See White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000).

A facial attack is one where "the challenger asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction."  *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004).  In evaluating a facial attack to jurisdiction, the Court must accept the factual allegations in plaintiff's complaint as true.  *See Miranda v. Reno*, 238 F.3d 1156, 1157 n. 1 (9th Cir. 2001).  For a factual attack, in contrast, the Court may consider extrinsic evidence.  *See Roberts v. Corrothers*, 812 F.2d 1173, 1177 (9th Cir.1987).  Further, the court does not have to assume the truthfulness of the allegations, and may resolve any factual disputes.  *See White*, 227 F.3d at 1242.  Thus,  "[o]nce the moving party has converted the motion to dismiss into a factual motion by presenting affidavits or evidence properly before the court, the party opposing the motion must furnish affidavits or other evidence necessary to satisfy its burden of establishing subject matter jurisdiction."  *Savage v. Glendale Union High Sch.*, 343 F.3d 1036, 1039 n.2 (9th Cir. 2003).

In the Ninth Circuit, "[j]urisdictional dismissals in cases premised on federal-question jurisdiction are exceptional, and must satisfy the requirements specific in *Bell v. Hood*, 327 U.S. 678 [] (1946)."  *Sun Valley Gas., Inc. v. Ernst Enters.*, 711 F.2d 138, 140 (9th Cir. 1983); *see Safe Air for Everyone*, 373 F.3d at 1039.  The *Bell* standard provides that jurisdictional dismissals are warranted "where the alleged claim under the [C]onstitution or federal statute clearly appears to be immaterial and made solely for the purpose of obtaining federal jurisdiction or where such a claim is wholly

United States District Court

For the Northern District of California

insubstantial and frivolous." 327 U.S. at 682-83.  Additionally, the Ninth Circuit has admonished that a "[j]urisdictional finding of genuinely disputed facts is inappropriate when 'the jurisdictional issue and substantive issues are so intertwined that the question of jurisdiction is dependent on the resolution of factual issues going to the merits' of an action." *Sun Valley*, 711 F.2d at 139.  The jurisdictional issue and the substantive issues are intertwined where "a statute provides the basis for both the subject matter jurisdiction of the federal court and the plaintiff's substantive claim for relief." *Safe Air for Everyone*, 373 F.3d at 1039 (quoting *Sun Valley*, 711 F.2d at 139).

## ANALYSIS

The Board contends that this Court lacks jurisdiction to review the General Counsel's decision refusing to issue an unfair labor practice complaint.  Plaintiff does not substantively respond to the Board's contention.

The methods and procedures for the resolution of unfair labor practice charges are set out in statutes and in regulations promulgated by the Board pursuant to congressional authority.  *NLRB v. United Food & Commercial Workers Union Local 23*, 108 S. Ct. 413, 418 (1987) (citing § 156).  A union, employer, or employee may bring an unfair labor practice charge to a regional office.  Until such a charge is brought, the Board may take no enforcement action.  *NLRB v. Sears, Roebuck & Co.*, 421 U.S. 132, 156 (1975).  Should an unfair labor practice complaint issue, "it may be disposed of by withdrawal before hearing, settlement, or formal adjudication."  *United Food & Commercial Workers Union Local 23*, 108 S. Ct. at 419.  If the case continues to formal adjudication, a hearing is conducted before an administrative law judge, whose recommended decision is reviewed by the Board.  Ultimately, in such cases, the Board issues a decision and order, constituting a final agency determination.  It is that final Board decision and order which is subject to judicial review by the Circuit Court, pursuant to Sections 10(e) and (f) of the NLRA, 29 U.S.C. § 160(e) and (f).  *Id.*

However, if the Regional Director determines that there is insufficient evidence to warrant issuance of a complaint, the Director "may in his discretion, dismiss [the charge]."  *Id.* at 418.  The determination not to issue a complaint may then be appealed to the General Counsel of the Board, pursuant to the Board's Rules and Regulations.  29 C.F.R. § 101.6 (2005).  The Supreme Court has stated that Section 10(f)'s provision for judicial review of a "final order of the Board" does not

include review of the General Counsel's decision not to issue a complaint.

> Subsection 10(f) provides that final decisions "of the Board" shall be judicially reviewable, and, in the context of the entire section, discloses Congress' decision to authorize review of adjudications, not of prosecutions. Fairly read, this may encompass any Board adjudication resolving an unfair labor practice complaint, whether by final order, consent decree, or settlement. But it plainly cannot be read to provide for judicial review of the General Counsel's prosecutorial function.

*Id.* at 424. The Ninth Circuit has adopted similar reasoning. *See e.g. Int'l Ass'n of Machinists & Aerospace Workers, AFL-CIO v. Lubbers*, 681 F.2d 598, 602-05 (9th Cir. 1982); *Baker v. I.A.T.S.E.*, 691 F.2d 1291, 1293-95 (9th Cir. 1982); *Pacific Southwest Airlines v. NLRB*, 611 F.2d 1309, 1311-12 (9th Cir. 1980).

Here, the Regional Director for Region 32 concluded that the evidence failed to establish that the Union breached its duty of fair representation as alleged by Plaintiff. Accordingly, Plaintiff's available recourse would be to appeal the Director's determination to the General Counsel of the Board, pursuant to the Board's rules and regulations. 29 C.F.R. § 101.6 (2005). Accordingly, the Court is without subject matter jurisdiction to review the decision not to issue an unfair labor practice complaint. Plaintiff's motion for leave to amend is denied to the extent he seeks this Court to review the Board's decision not to issue an unfair labor practice complaint.

## CONCLUSION

For the foregoing reasons, the Court **GRANTS** Defendant's Motion to Dismiss, **DENIES** Plaintiff's Motion for Leave to Amend, and **VACATES** the hearing set for March 27, 2007.

**IT IS SO ORDERED.**

Dated: March 22, 2007

MARTIN J. JENKINS
UNITED STATES DISTRICT JUDGE